*Charles Little, for appellant. Ross & Kennedy, for appellee.*

---

### COMMONWEALTH *v.* LEWIS BRIGHT.

[Abstract Kentucky Law Reporter, Vol. 1—274.]

**Right of Court to Suspend Tavern Keeper's License.**

> The county court is authorized by a lawful proceeding to suspend the license of a tavern keeper and deprive him of his business under it, but since March 13, 1876, when the general assembly created a criminal court for the counties of Fleming, Morgan, Nicholas, Lewis, Rowan and Greenup, and took away from the circuit courts of said counties jurisdiction in criminal cases or penal causes, an appeal from the judgment of the county court for suspending such license, being of a penal nature, should have been taken to the criminal court. The circuit court has no jurisdiction in such appeal.

### APPEAL FROM FLEMING CIRCUIT COURT.

September 8, 1880.

OPINION BY JUDGE HARGIS:

March 13, 1876, the general assembly established a criminal court in the 14th judicial district, composed of the counties of Morgan, Fleming, Nicholas, Lewis, Rowan and Greenup. Section 1 of the law enacted "That it shall have all the jurisdiction in criminal and penal causes and proceedings which the circuit courts of this commonwealth now have, or which may hereafter be conferred upon it

by law," and that "It shall take the place of the circuit courts of the said counties in such criminal and penal jurisdiction." Section 4 stated that "said circuit courts shall no longer have cognizance of any criminal or penal causes or pleas of the commonwealth in said counties."

During the existence of the criminal court the appellee's tavern license was, without notice, temporarily suspended by the Fleming County Court. Thereafter, upon summons duly served, he was absolutely deprived of his license from keeping a tavern upon the charge of violating his tavern obligation. To correct those orders which he alleges were erroneous and unjust he appealed to the circuit court of Fleming county, and that court reversed and vacated the judgment and orders of the county court and restored the appellee's license and privileges under it. Of this judgment the commonwealth complains by this appeal, on several grounds, none of which are necessary to be noticed except the objection to the jurisdiction of the Fleming Circuit Court. That court had no jurisdiction or cognizance, as we have seen, of any penal causes or pleas of the commonwealth so long as the criminal court existed.

The proceedings of the county court were highly penal in their nature. If the acts charged, upon which its proceedings were based, had been proceeded upon by indictment against appellee, if found guilty he would have been subjected to fine and in default of payment confined in the county jail. While the county court had no power to fine or imprison him, it did have power by lawfully proceeding to suspend his license and deprive him of his business under it, which might entail a heavier pecuniary loss than the highest fine which the law imposes for such acts. The appeal from the county court should have been taken to the Fleming Criminal Court, and not to the circuit court, as the latter had no jurisdiction of the cause. Whatever errors may have been committed by the county court the circuit court had no power to correct them.

The judgment of the circuit court is therefore *reversed* with directions to dismiss the appellee's appeal from the county court.

*P. W. Hardin, for appellant. W. J. Hendrick, for appellee.*